**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------

*In re Ex Parte* Application of Sumitomo Pharma UK
Holdings, Ltd. for an Order, Pursuant to 28 U.S.C. §
1782, Granting it Leave to Obtain Discovery for Use
in Foreign Proceedings

Case No.

-------------------------------------------------------------

### SUMITOMO PHARMA UK HOLDINGS, LTD.'S *EX PARTE* APPLICATION FOR AN ORDER TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

Based upon the concurrently filed Memorandum of Law, the Declaration of John Wasty, Declaration of Brandt Henslee ("Henslee Declaration"), and supporting documents, Petitioner Sumitomo Pharma UK Holdings, Ltd (f.k.a. Sumitovant Biopharma Ltd.) ("Sumitomo" or "Petitioner") respectfully applies *ex parte* to this Court for an order, pursuant to 28 U.S.C. § 1782 ("Section 1782") and Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, granting it permission to serve Respondent Clear Street, LLC ("Clear Street" or "Respondent") with the subpoenas attached as Exhibits 8 and 9 to the Henslee Declaration (the "Subpoenas"), requiring the production of documents and a related corporate deposition for use in proceedings in the Bermuda Supreme Court (the "Bermuda Proceedings" and the "Bermuda Court").

Section 1782 authorizes litigants in foreign proceedings to obtain discovery in the United States for use in foreign litigation and states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

As explained in the accompanying submissions, Petitioner's application satisfies the requirements of Section 1782. Clear Street maintains its headquarters and principal place of

business within the Southern District of New York.  The discovery sought by Petitioner is for use in court proceedings pending before a foreign tribunal, the Bermuda Court.  Petitioner is a defendant in these foreign legal proceedings and is thus an "interested person" under 28 U.S.C. § 1782.

The factors set out by the United States Supreme Court in Intel Corp. v. Advanced Metro Devices, Inc., 542 U.S. 241 (2004), weigh heavily in favor of granting Petitioner's application and ordering Respondent to comply with the limited discovery requests: (i) the Bermuda Court does not have the power to compel production of the documents without international cooperation and legal process; (ii) there is no indication that the Bermuda Court will be unreceptive to the discovery; (iii) Petitioner is not utilizing the discovery application to circumvent any proof-gathering restrictions or policies in Bermuda; and (iv) the targeted discovery sought by Petitioner relates to whether the plaintiff in the Bermuda Proceedings has standing to bring that matter, and is tailored and not unduly burdensome or intrusive.

Accordingly, Petitioner seeks the assistance of this Court to obtain important discovery from Respondent and respectfully requests entry of an order granting this application under 28 U.S.C. § 1782, authorizing the requested discovery and issuance of the Subpoenas, and directing Respondent to comply with the Subpoenas in accordance with the Federal Rules of Civil Procedure and applicable law and to produce all evidence in its possession, custody or control.[1]

---

[1]  Petitioner's application is properly filed *ex parte*. As the Second Circuit has recognized, applications pursuant to Section 1782 are often filed *ex parte* because the entities from whom discovery is sought "can later challenge any discovery request by moving to quash pursuant to Federal Rules of Civil Procedure 45(c)(3)." Gushlak v. Gushlak, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to 1782 *ex parte*."); see also In re Del Valle Ruiz, 342 F. Supp. 3d 448, 457 (S.D.N.Y. 2018) ("[A]s a general matter, *ex parte* review is justified by the fact that the parties from whom discovery is sought will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it."); In re Ex Parte Application of Nokia Corp., 2013 WL

Dated: June 21, 2024

Respectfully submitted,
FRESHFIELDS BRUCKHAUS DERINGER
US LLP

By:  */s/ David Y. Livshiz*

David Y. Livshiz
3 World Trade Center
175 Greenwich Street, 51st Floor
New York, NY 10007
Telephone: (212) 277-4000
Fax: (212) 277-4001
david.livshiz@freshfields.com

---

6073457, at *2 (N.D. Cal. Nov. 8, 2013) ("It is common for parties to request and obtain orders authorizing discovery *ex parte*.").